| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **District of Delaware** (State) | |
| Case number *(if known)*: _____    Chapter __11__ | ☐ Check if this is an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's Name**    Longview Power, LLC

2. **All other names debtor used in the last 8 years**    N/A

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**    04-3561860

4. **Debtor's address**

   **Principal place of business**
   1375 Fort Martin Road
   Number    Street

   Maidsville, WV 26541
   City    State    Zip Code

   Monongalia County
   County

   **Mailing address, if different from principal place of business**
   Number    Street

   P.O. Box

   City    State    Zip Code

   **Location of principal assets, if different from principal place of business**
   Number    Street

   City    State    Zip Code

5. **Debtor's website** (URL)    http://www.longviewpower.com/

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor **Longview Power, LLC**          Case number *(if known)* _____
     Name

| | | |
|---|---|---|
| **7. Describe debtor's business** | A. *Check One:* | |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) | |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) | |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) | |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) | |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) | |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) | |
| | ☒ None of the above | |
| | B. *Check all that apply:* | |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) | |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) | |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) | |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . **2211 (Electric Power Generation, Transmission and Distribution)** | |

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes.

| District | **Delaware** | When | **08/30/2013** MM/DD/YYYY | Case number | **13-12211** |
|---|---|---|---|---|---|
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

Debtor    **Longview Power, LLC**_____    Case number *(if known)* _____
        Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.    Debtor    **Longview Intermediate Holdings C, LLC**    Relationship    **Affiliate**
        District    **District of Delaware**    When    **04/14/2020**
                                                                                          MM / DD / YYYY

List all cases. If more than 1, attach a separate list.    Case number, if known _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**    _____
                Number    Street

        _____
        City    State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.    Insurance agency    _____
        Contact name    _____
        Phone    _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49    ☐ 1,000-5,000    ☐ 25,001-50,000
☐ 50-99    ☐ 5,001-10,000    ☐ 50,001-100,000
☐ 100-199    ☐ 10,001-25,000    ☐ More than 100,000
☐ 200-999

---

[1] Although the Debtor is not aware of any definition of "imminent and identifiable hazard" as used in this form, the Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable hazard to the public health or safety.

Debtor   **Longview Power, LLC**                             Case number *(if known)*
         Name

**15. Estimated assets**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **04/14/2020**
              MM/ DD / YYYY

✗ **/s/ Jeffery L. Keffer**                             **Jeffery L. Keffer**
Signature of authorized representative of debtor        Printed name

Title   **Chief Executive Officer, President, Treasurer, and Secretary**

**18. Signature of attorney**

✗ **/s/ Daniel J. DeFranceschi**                        Date   **04/14/2020**
Signature of attorney for debtor                               MM/DD/YYYY

**Daniel J. DeFranceschi**

**Richards, Layton & Finger, P.A.**
Firm name

**One Rodney Square, 920 North King Street**
Number           Street

**Wilmington**                                          **Delaware**     **19801**
City                                                    State            ZIP Code

**(302) 651-7700**                                      **defranceschi@rlf.com**
Contact phone                                           Email address

**2732**                                                **Delaware**
Bar number                                              State

| Fill in this information to identify the case: |
|---|
| **Debtor name:** Longview Power, LLC, et al. |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number (if known):** 20-_____ |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis    12/15

A list of creditors holding the 20 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MOODY'S INVESTORS SERVICE P.O. BOX 102597 ATLANTA GA 30368-0597 | Raymond Pedicone raymond.pedicone@moodys.com Tel: 212-533-1134 | TRADE PAYABLE | ☐ C ☐ U ☑ D | | | $70,344.00 |
| 2 | CHALMERS & KUBECK INCORPORATED 1018 11TH STREET BEAVER FALLS PA 15010 | Susan Hartnett shartnett@candk.com Tel: 610-494-4300 Fax: 610-485-1484 | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $31,641.00 |
| 3 | WEIR SLURRY GROUP,INC C/O KISSICK ENERGY LLC 505 VALLEYBROOK ROAD SUITE 204 MCMURRAY PA 15317 | accountsreceivable.wmna@weirminerals.com Tel: 608-221-2261 | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $30,588.56 |
| 4 | GREENE COUNTY TREASURER 93 EAST HIGH STREET WAYNESBURG PA 15370 | Darlene Humble dhumble@co.greene.pa.us Tel: 724-852-5225 Fax: 724-852-5390 | TAX | ☐ C ☐ U ☐ D | | | $22,761.43 |
| 5 | EXPRO SPECIALIZED SERVICES PO BOX 417 WORTHINGTON KY 41183 | Cathy Marshall cathy.marshall@exproservicesinc.com Tel: 606-834-9402 | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $18,123.13 |
| 6 | MON POWER 5001 Nasa Blvd FAIRMONT WV 26554 | Chuck Lemley clemle2@firstenergycorp.com Tel: 304-680-3025 | UTILITY | ☐ C ☐ U ☐ D | | | $17,846.33 |
| 7 | CH REED 301 POPLAR STREET HANOVER PA 17331 | Donna Dandy accountsreceivable@chreed.com Tel: 717-630-3109 | TRADE PAYABLE | ☐ C ☐ U ☑ D | | | $13,644.53 |
| 8 | SAL CHEMICAL 3036 BIRCH DRIVE WEIRTON WV 26062 | ar@salchem.com Tel: 304-748-8200 Fax: 304-797-8751 | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $11,057.90 |

Debtor    **Longview Power, LLC, et al.**                                                        Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui- dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | NATIONWIDE EMPLOYEE BENEFITS<br>PO BOX 733379<br>DALLAS TX 75373-3379 | Dax Hoff<br>hoffd1@nationwide.com<br>Tel: 614-435-5611<br>Fax: 985-898-1770 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $11,045.34 |
| 10 | INTERNATIONAL CONVEYOR AND RUBBER LLC<br>72 INDUSTRIAL PARK ROAD<br>BLAIRSVILLE PA 15717 | Roger Boehm<br>rboehm@intl-c-r.com<br>Tel: 724-343-4225 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $10,441.60 |
| 11 | PERFORMANCE CONSULTING ASSOCIATES INC<br>3700 CRESTWOOD PARKWAY STE. 100<br>DULUTH GA 30096 | info@pcaconsulting.com<br>Tel: 770-717-2737 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $10,292.30 |
| 12 | FASTENAL INDUSTRIAL AND CONSTRUCTION SUPPLY<br>P.O. BOX 1286<br>WINONA MN 55987-1286 | Mary Jordan<br>arwp@fastenal.com<br>Tel: 304-292-7371 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $9,999.24 |
| 13 | SCHENCK PROCESS LLC<br>DEPT CH 0019747<br>PALATINE IL 60055-9750 | Jennifer Wood<br>a.receivable@schenckprocess.com<br>Tel: 785-284-6605 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $9,310.51 |
| 14 | BRAND SAFWAY INDUSTRIES (BRAND ENERGY)<br>PO BOX 91473<br>CHICAGO IL 60693 | cashapplication@beis.com | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $5,812.67 |
| 15 | PPC LUBRICANTS<br>305 MICRO DRIVE<br>JONESTOWN PA 17038 | Marilyn Day<br>ar@ppclubricants.com<br>Tel: 888-437-5823 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $5,137.28 |
| 16 | ENECON CORPORATION<br>6 PLATINUM COURT<br>MEDFORD NY 11763-5522 | sales@enecon.com<br>Tel: 516-349-0022<br>Fax: 516-349-5522 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $4,980.00 |
| 17 | SD MYERS LLC<br>180 SOUTH AVENUE<br>TALLMADGE OH 44278 | Mary May<br>ar@sdmyers.com<br>Tel: 330-630-7000 X3260 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $4,881.00 |
| 18 | ANDREWS INDUSTRIAL CONTROLS INCORPORATED<br>PO BOX 251<br>CARNEGIE PA 15106 | Angie McCarty<br>amccarty@andrewsic.com<br>Tel: 412-279-5335 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $4,798.79 |
| 19 | HIGHLAND TANK<br>P.O. BOX 645620<br>PITTSBURGH PA 15264-5620 | Brett Ziegler<br>payments@highlandtank.com<br>Tel: 814-893-6654 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $4,720.00 |
| 20 | JOHNS TOWING SERVICE INC.<br>PO Box 17<br>SHIPPINGPORT PA 15077 | John L. Johnson<br>Tel: 724-643-1919 | TRADE PAYABLE | ☐ C<br>☐ U<br>☐ D | | | $4,680.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LONGVIEW POWER, LLC, | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Longview Power, LLC | Longview Intermediate Holdings C, LLC | 1375 Fort Martin Road Maidsville, WV 26541 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 |
| LONGVIEW POWER, LLC, | ) ) Case No. 20-_____ (___) |
| Debtor. | ) ) ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Longview Intermediate Holdings C, LLC | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LONGVIEW POWER, LLC, | ) | Case No. 20-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CERTIFICATION OF CREDITOR MATRIX**

     Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

     The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Longview Power, LLC (1860) and Longview Intermediate Holdings C, LLC (1008). The Debtors' principal offices are located at 1375 Fort Martin Road, Maidsville, West Virginia 26541.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Longview Power, LLC** |
| United States Bankruptcy Court for the: | **District of Delaware** (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration  **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**04/14/2020**
MM/ DD/YYYY

☒ */s/ Jeffery L. Keffer*
Signature of individual signing on behalf of debtor

**Jeffery L. Keffer**
Printed name

**Chief Executive Officer, President, Treasurer, and Secretary**
Position or relationship to debtor

Official Form 202                Declaration Under Penalty of Perjury for Non-Individual Debtors

# WRITTEN CONSENT
# OF THE SOLE MEMBER OF LONGVIEW POWER, LLC

## Dated as of April 13, 2020

The undersigned, being the sole member (the "Member") of Longview Power, LLC (the "Company"), hereby takes the following actions and adopts the following resolutions by written consent as of the date hereof, pursuant to the limited liability company agreement of the Company (as amended or amended and restated) and the laws of the state of Delaware:

**WHEREAS**, the Member has reviewed and considered the presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Member has had the opportunity to consult with the management and the financial and legal advisors of the Company and to fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, the Member has reviewed and considered presentations by the management and the financial and legal advisors of the Company regarding that certain restructuring support agreement (the "RSA"), the recommendation by the management of the Company that the Company enter into the RSA, and the advantages and disadvantages to the Company soliciting acceptances of the prepackaged chapter 11 plan of reorganization contemplated by the RSA (the "Plan");

**WHEREAS**, the Company has negotiated the RSA with the Consenting Lenders (as defined in the RSA); and

**WHEREAS**, the RSA provides that it can be terminated if the Member determines in good faith after consultation with outside legal counsel that proceeding with the transactions contemplated thereby would be inconsistent with the exercise of the Member's fiduciary duties;

**WHEREAS**, after careful consideration the Member has determined that the Company's entry into the RSA and the performance of the transactions contemplated thereby are advisable and in the best interests of the Company, its equity owners, its creditors, and other parties in interest; and

**WHEREAS**, after careful consideration the Member has determined that the commencement of solicitation of the Plan consistent with the RSA is advisable and in the best interests of the Company, its equity owners, its creditors, and other parties in interest.

**Entry into the RSA and Solicitation**

**NOW, THEREFORE, BE IT RESOLVED**, that in the business judgment of the Member, it is desirable and in the best interests of the Company, its equity owners, its creditors, and other parties in interest to enter into the RSA and that the Company's performance of its obligations under the RSA be, and hereby is, in all respects, authorized and approved;

**RESOLVED FURTHER**, that in the business judgment of the Member, it is desirable and in the best interests of the Company, its equity owners, its creditors, and other parties in interest to commence solicitation of the Plan, pursuant to section 1125(g) of the Bankruptcy Code;

**RESOLVED FURTHER**, that any of the Chief Executive Officer, Chief Financial Officer, Chief Restructuring Officer, any Executive Vice President, any Senior Vice President, any Chief Legal Officer, or any other duly appointed officer of the Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories, with power of delegation, be, and they hereby are, authorized, empowered, and directed to execute the RSA on behalf of the Company and thereafter commence solicitation of the Plan;

**Chapter 11 Filing**

**RESOLVED FURTHER**, that in the judgment of the Member, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

**RESOLVED FURTHER**, that any of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

**Retention of Professionals**

**RESOLVED FURTHER**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

**RESOLVED FURTHER**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton & Finger, P.A. as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be

2

filed an appropriate application for authority to retain the services of Richards, Layton & Finger, P.A.;

**RESOLVED FURTHER**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm 3Cubed Advisory Services, LLC ("3Cubed") to provide restructuring advisory services to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of 3Cubed;

**RESOLVED FURTHER**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Houlihan Lokey, Inc. ("Houlihan"), as financial advisor and investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Houlihan;

**RESOLVED FURTHER**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Donlin, Recano & Company, Inc. ("Donlin Recano") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Donlin Recano;

**RESOLVED FURTHER**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

**RESOLVED FURTHER**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case;

**Cash Collateral and Adequate Protection**

**RESOLVED FURTHER**, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured parties (collectively, the "Prepetition Secured Parties") party to that certain credit agreement, dated as of April 13, 2015, as amended, supplemented, or modified from time to time, by and among the Company, as borrower, Longview Intermediate Holdings C, LLC, as guarantor, the other guarantors party thereto, the lenders from time to time party thereto, the issuing banks from time to time party thereto, and Morgan Stanley Senior Funding, Inc., as administrative agent;

**RESOLVED FURTHER**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain liens, claims, and adequate protection to the Prepetition Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim Cash Collateral Order") and submitted for approval to the Bankruptcy Court;

**RESOLVED FURTHER**, that the form, terms, and provisions of the Interim Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim Cash Collateral Order;

**RESOLVED FURTHER**, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, including granting liens on its assets to secure such obligations;

**General**

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED FURTHER**, that the Member of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were

4

taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Member;

**RESOLVED FURTHER**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**RESOLVED FURTHER**, that this consent may be executed by facsimile, telecopy, .pdf signature or other reproduction, and such execution shall be considered valid, binding, and effective for all purposes.

\* \* \*

IN WITNESS WHEREOF, the undersigned has executed this written consent as of the date first set forth above.

**Longview Intermediate Holdings C, LLC**, a Delaware limited liability company, as the sole Member of the Company

By: Jeffery L. Keffer
Its: Chief Executive Officer